IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTUANE D. DANIEL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-617-RAH-SMD |
| v. | ) |
| | ) |
| EMPIRE PROPERTIES, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Antuane D. Daniel, Sr., ("Daniel") filed this 42 U.S.C. § 1983 complaint against Defendant Empire Properties ("Empire") alleging, *inter alia*, that Empire illegally evicted him and threw away his prized possessions. Compl. (Doc. 1) p. 1. Along with his complaint, Daniel filed a motion to proceed *in forma pauperis*, which the undersigned granted. *See* Mot. (Doc. 2); Order (Doc. 10). The undersigned then reviewed Daniel's complaint pursuant to 28 U.S.C. § 1915 and determined that it failed to sufficiently allege the basis of this Court's jurisdiction and that it did not meet federal pleading standards. Order (Doc. 12). The undersigned afforded Daniel an opportunity to file an amended complaint that addressed these deficiencies and warned Daniel that his failure to do so would result in the undersigned entering a recommendation that his case be dismissed. *Id*. p. 7.

Daniel did not file an amended complaint within the timeframe set forth by the undersigned. Therefore, the undersigned afforded Daniel additional time to file an amended complaint or to show cause why his complaint should not be dismissed for failure to

prosecute and abide by Court orders. Order (Doc. 13). The undersigned once again warned Daniel that his failure to comply with the Order would result in the undersigned entering a recommendation that his case be dismissed for failure to prosecute and abide by Court orders. *Id.* p. 1. As of today, Daniel has not complied with or responded to the undersigned's Orders.

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the plaintiff fails to prosecute or comply with procedural rules or an order of the court. FED. R. CIV. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal with prejudice is a severe sanction that is appropriate only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

Here, Daniel's complaint should be dismissed without prejudice because Daniel has failed to litigate this case despite being provided a reasonable opportunity to do so. On two occasions, Daniel was afforded an opportunity to amend his complaint to establish this Court's jurisdiction and comply with the federal pleading standards. On both occasions, he was warned that his failure to file an amended complaint or otherwise respond to Court orders would result in a recommendation that his case be dismissed. *See* Orders (Docs. 12, 13). Daniel did not respond to either Order, file an amended complaint, or take any further action in this matter. Notably, Daniel has another lawsuit pending before this Court. *See Daniel v. K. Jones*, Civ. Act. No. 2:23-cv-619-ECM-SMD. In that matter, the undersigned

ordered Daniel to file an amended complaint, and he did so. *See id*. Order (Doc. 13); Amended Compl. (Doc. 14). Daniel's action in that lawsuit indicates to the undersigned that he can comply with Court orders but has chosen not to do so here. As such, it appears that Daniel has abandoned prosecution of this matter. Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Daniel's complaint (Doc. 1) be DISMISSED for failure to prosecute and abide by Court orders. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 18, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of March, 2024.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE